Mr. Henry. Good morning. May it please the Court, Judge Smith, Judge Higginbotham, Judge Southwick. This case involves a minor oversight by the district court and a routine request to address a dispositive argument regarding Markel's duty to defend my client's, the Gleason's, in this case. I believe the Court has to address two issues, and if the Court agrees with the appellant, there's also a cross-appeal by Markel that I will address, of course, in my initial comments, if there are any questions, or save time for rebuttal after my friend argues his cross-appeal. This case arises out of a sale of securities or interests in an ice cream company. I'm sure Your Honors are familiar with the facts, but what occurred on this coverage case is the court, excuse me, the Gleason's, argued for coverage. After cross-motion for summary judgment, it boiled down to whether or not an exclusion applied and whether or not an exception to the exclusion applied. I think all the parties in this appeal have drilled down to the fact that Section K exclusion did apply. The only question is whether an exception to exclusion applied and whether or not my client sufficiently raised it in their response to summary judgment. We believe our client did sufficiently raise that argument in response to summary judgment, and the Court did not address it in their initial — in his initial summary judgment opinion. As a result, my client's filed a Rule 59e motion to correct, alter, and amend the judgment and argue that the Court erred by failing to address it. In response to that motion to reconsider, the trial court, or the district court in this case, found that my client inadequately briefed the issue of the 4A1 exception to the exclusion. We believe that was error because we believe the record clearly reflects, through multiple paragraphs in the response, though 4A1 was not expressly stated in the response, the arguments could only relate to 4A1 exception. Specifically, there are two exceptions, 4A1 and 2. 4A2 is not at issue in this appeal. It's only whether or not we raised 4A1 in our response, and then whether or not we qualified for 4A1, which the Court did not pass on. I would let the Court know that because the district court didn't pass on that issue, this Court would have the option of either finding that it was sufficiently raised and addressing it in this appeal, or remanding it to the district court for the district court's take on whether 4A1 exception to exclusion applies in the first instance. Specifically, paragraphs 51 through 57 in the response to summary judgment address specifically the factors that are necessary to raise the 4A1 exclusion. Because we were arguing at the time both 4A1 and 4A2, we initially started with how 4A2 applied. Then we moved into a discussion in paragraphs 45 to 50 as to whether or not private placement, and once we got through that, we then turned on a dime in paragraph 51 and said Markell also contends that. And because Markell contended that we were not issuers, and the 4A1 exclusion does not include — doesn't require issuers, just a private placement transaction between anybody but an issuer, dealer, or a broker, we contended that because they had satisfied our burden of saying — proving we weren't an issuer, this was a routine private transaction subject to the exception under 4A1. And we specifically said at the end of that, because we're not an issuer and this was a private transaction not involving an issuer, broker, or dealer, that we — that the transaction was exempt for registration under the Securities Act, which would have brought the exception into play. The district court in the memorandum of opinion said that it was inadequately briefed. It wasn't — not enough argument, not clear enough. We believe that it was just initially missed. And then by filing a Rule 59e motion, it put us sort of behind the eight ball, because the 59e motion does not really fit nicely into a situation where a district court just fails to address an argument. Counsel, your 51, paragraph 51 through 57, really has almost no legal argument regarding private placement. I would say paragraph 51 and 57 are addressing to some extent the language of 4A1 itself, though I don't see that it's cited. The intervening paragraphs are talking about other things, not about what private placement law is insofar as how it would apply to the facts of your case. And I very much sympathize with the district judge that to look at those seven paragraphs or two paragraphs, however you want to break it down, there wasn't much to go on, and you've done a much better effort on appeal here, the kinds of things that would have been useful in your summary judgment papers. When you say there's legal argument there, I don't see case law cited there that is getting to what the meaning of private placement is and why that would apply to you. And it seems to me, as much as anything, you're preserving your position that you're an issuer, and you're sort of dancing around whether 4A1 is even relevant, but you're nudging a little bit into it, but you certainly have not embraced it as an alternative argument, is one way to read those paragraphs. Your Honor, I would — You would disagree, but — Well, Judge Shelfrick, I do not disagree that even a citation to the specific provision in the Securities Act would have helped the cause. But when you read the way the argument is structured, once you begin in paragraph 51 talking about not being an issuer, that entire discussion, I agree, that's not — it's not — it's legal argument without citation, but it's discussing the exact English language of the exception as opposed to a court's take on it. It's basically saying what it says and why we win. But I would say that when you look at that argument, there's no reason to spend six paragraphs in the response talking about private placement when you're not an issuer unless you're dealing with 4A1, because the rest of the argument was, in fact, that 4A2 applied, that the Gleasons were issuers for purposes of this exception, because they weren't — because it wasn't defined, and we were trying to take advantage of the broad — the policy behind construing the policy in favor of the insurers, and because it wasn't defined, we're saying they could be issuers in this instance. Markell argued they could not. The judge agreed that they were not. But that whole discussion, 51 and 57, is basically attempting, in my opinion, when I read it with fresh eyes in — in preparing for oral argument, was — was to take the argument that we're not issuers and use it to our benefit and say, okay, we've made the case that we're issuers. Whether or not you agree with it or not, Markell's made a strong case and taken a strong position. We are not. If we are not, here's why 4A1 — without saying 4A1, but here's how not being an issuer actually still — we still prevail. And that 51 through 57 is basically a — a chart of how private placement in a routine private transaction under 4A1, not involving an issuer, and then it summarizes it in 57 by saying, because Markell says we're not an issuer, if that's the case, we also win under 4A1, or — or the securities are not subject to registration. I don't want to belabor the point, except that's the point of this appeal, it seems to me. So looking at those seven paragraphs, if the district judge was at all inclined to say, not an issuer, I'll look at this private placement, the judge would have to do an awful lot of independent research to figure out if you're right. All you really have given them are some dictionary definitions. I mean, that's in your brief, I think that's in this summary judgment paper here. And — and the work that you've done on appeal shows there's uncertainty, it seems to me, of what private placement means, and maybe it covers what happened here. You do have at least one Ninth Circuit case that seems to indicate that's true. But none of that's here, and that's — and that's the purpose of not just briefing, and our rule that you do adequate briefings, such that the district court will have the issue before him or her to deal with. So help me a little bit more. I mean, I'm — I'm not trying to cut off that, indeed, you briefed it enough, but it seems to me that's — that's the perspective from which to view it. Would a district judge, looking at this, have been told enough without having just been — here's an issue for you, Judge, why don't you go look it up for us? Two brief responses to that, Judge Shaflik. I — I am sympathetic as well. Being an appellate lawyer, I often say things too many times and too much, and I'm often reminded that judges don't need to hear it that many times, and repeating yourself in briefs, even preparing for oral argument before last week, I had the same thing three times in an outline, and I'm like, these are Fifth Circuit judges. I think they've read the record. If I say it once, it's enough. So I think it's difficult to encourage parties to over-brief, but in this case, it's an Eight Corners rule, and so we're looking at — at the application of allegations of the Eight Corners rule. So in normal circumstances, being an appellate lawyer, and — and, of course, in front of this Court, I would expect thorough briefing, case citations, parentheticals, pinpoint sites for Your Honor's convenience. But this is first summary judgment, so we're not under Rule 28a8. This is — this is district court practice. This is fair notice on pleadings and — and — and the basic rules, and it's basically was it raised, and the Court kind of says it was. He basically admits that it was addressed, but then not fully. So the issue there becomes we raised an issue in response in our summary judgment motion that was not addressed at all by the district court in his initial opinion, even to say it wasn't adequately briefed in his initial opinion, which then required us to file a — a some sort of motion or not, because technically, a judge is supposed to address all the arguments in a summary judgment motion or response, all the grounds. And in — and in essence, what we did here by filing a Rule 59e harts our case somewhat, because once we filed the 59e, we're by a much difficult legal standard, much more difficult in reference to the district court. And then he went ahead and put all the stuff about inadequate briefing in his memorandum opinion under 59e. So the question becomes, is it — I want to bring everything to the district court's attention to clean everything up before it comes here, but in — in essence, we could have been here in the first instance arguing to you that the district court did not address a dispositive response, a dispositive argument in our response, which, in his opinion, he admits, the district court, His Honor admits, that we addressed or raised, just did not sufficiently brief. So then the question becomes, how much briefing is required when you're dealing with a private sales transaction of securities, which the four corners of the pleading obviously show, which that's our contention, is that when you look at the eight-corners rule, the policy, and the pleadings, it's clear that this was a private transaction. Well, that's one of the things that bothers me about this. Forgive me, but this is a private placement. It's a jumpstart, and you go in and — I don't know why you got off of that argument. You didn't lead with that. You led with this other argument and got off in that obscure place. Well, you had to lay down hand with the private placement, in my view. And so I think the court may have felt — the district court may have felt a little elsewhere to him, and he went that way, and now you come back and say, well, you know, gee whiz, this really isn't an issue here. It's a private placement. I want to — I agree with you on — pretty much on both counts. I think the district court, as much respect as I have for His Honor, was a little — it seems you may have buried your best argument in a trailing six paragraphs that don't reference it. But I will say — The other thing about this is this is private placement from jumpstart. I'm sorry. This is ABCs of security law. And I didn't — you're off on a tangent here on this. And that — thank you, Judge Higginbotham. I think that gets us into the argument that if we didn't raise it and brief it enough, it may have been twofold. One, because it was a laydown, the more difficult argument was the 4A2 argument. And so we don't make the 4A2 argument. Markell basically goes all in on that we're not issuers. But that's — I suspect that that's what the frustration of the district judge was, that he spends all his time over here, and then you come and say, oh, by the way, Judge, there's a lot of — you don't need to do that. Well, and I think because it was an easy laydown argument, it was — it didn't require nearly the exposition in the briefing, and I believe that's why the paragraphs in our response are sufficient. But I will also say that that also kind of goes to our motion for reconsideration in the 59E. If there was an inadequate briefing, certainly the Court, both the district court and this Court, doesn't want cases decided because there wasn't a 15 U.S.C. 77dA1 reference in the response. If that's the reason that parties lose, or because there's not a C, for example, to a Fifth Circuit case or a Ninth Circuit case in a district court response, not a case under — under 28A8, which requires very specific — has specific rules about how much citation and reference and argument and tons of — get it right and — and get it right in fairness to the district court as well. And we argue there was no prejudice or harm for the Court to go ahead and just address the 4A1. It's a dispositive argument, as the — as Judge Higginbotham. It's dispositive either way. Even if we failed on it, it's dispositive in favor of Markell. It was fully raised and briefed in reconsideration by the parties, as it has been here, to the extent it wasn't the first time. So there was really no harm or prejudice. So we believe that we did sufficiently raise it, and it should have been addressed initially. But even if we did not sufficiently brief it, even though we raised it, the Court should have addressed it in the 59E and fixed the problem on a dispositive issue such as this on that end. Thank you, Your Honors. I reserve, I believe, some time for rebuttal. Yes. You have time for rebuttal. Thank you, Mr. Chief. Thank you, Judge Smith. All right. I'm going to ask you to pronounce your last name, because I'll mess it up. Well, I think Judge Southwith may have heard this before. There's a split of authority. My mother says Wodzikowski, and my father says Wodzihowski. So I go by Wodzihowski, Your Honor. It may please this Court on this wet morning. I, unfortunately, am going to have to disagree with Judge Higginbotham with regards to the private placement issue being the laydown argument. If you look at the exception in the Markell policy, it provides for two things. It provides it must be a private placement and then exempt from registration under the Securities Act of 1933. And once we get to number two, the exemption, then we're talking about the 4A1 and 4A2. Now, the Gleasons, they don't disagree. They agree with Markell that it requires both. If you look at their brief on page 27, they said because the transaction was a private placement and also exempt, the exception applied. Well, the Gleasons had the burden of proof to draw back the — on the exception to reinstate the coverage after the exclusion applied, and they didn't. Private placement was not defined in the Markell policy of insurance. Therefore, what we have to do, as this Court has indicated in the Red Ball motor freight case, is let's look at ordinary, common, everyday definitions of private placement. If you look below in the record at 772, paragraph 53, which was the Gleasons' summary judgment response, one of the authorities that they cited on the issue of private placement was an SEC advisory bulletin. And in that SEC advisory bulletin, it talked about the major characteristic of a private placement. The Gleasons cited the first paragraph of that advisory bulletin, but did not cite any other provision or refer to it. They totally disregarded. And when you go to the second paragraph of that bulletin, it says the private placement is to, quote, engage in private placements to raise funds from investors. That's the characteristic of a private placement. And that was in accord with the Markell definition of private placement that we had both in our summary judgment motion and, as we cite on page 18 and 19 of our brief, and it says, what is a private placement? It's to raise capital. Another authority that this Court could look at is FINRA, the Financial Industry Regulatory Authority, which was a non-for-profit organization that Congress has created. It addresses private placement in the primary characteristic of being to raise capital. Finally, although not authoritative, but maybe persuasive, is if you just look at the Wikipedia, it said the primary purpose is to raise capital. The Gleasons, since this was an exception to an exclusion, had the burden of proof in the district court to offer evidence that this was a private placement. Well, they offered zero evidence, and the district court found that with regards to this, there is no private placement. There was no effort to raise capital in this transaction in which the Gleasons engaged. The Gleasons sold their company, lock, stock, and barrel, in a sales transaction, not for the purpose of raising investment capital to keep the company operating, but for purposes of to get the shareholders money and divest themselves of all ownership interest in an operation of this company. So the Gleasons have pretty much, to this court, put the cart before the horse by skimming over and jumping past the first requirement of the drawback, the exception to the exclusion, of was this a private placement. Now, when you go to the next step, then we have two requirements on the right side of the exception with regards to is it exempt from registration. The district court and below, everyone addressed ad nauseum the A2 issuer issue. And if you look at the way the Gleasons briefed that issue in the district court about were they issuers or were they not issuers, they spent five and a half pages in their summary judgment response addressing the 4A2 argument. They spent a total of 13 words in their summary judgment response addressing the 4A1 issue. Those 13 words were, quote, on page 57 of that summary judgment response, or excuse me, paragraph 57, quote, review of the definition of underwriter and broker reveals the Gleasons were neither. That was it. Based upon that, the district court found that there was waiver. Now, what we have, though, on the 4A1 argument, let's assume that potentially the waiver issue doesn't exist and that is considered adequate briefing, which I will not concede in any way, shape, or form based upon you, Justice Smith, on two opinions you authored, the benefit recovery opinion and the NISU Iowa American Court v. Kline. Where you say, we're not going to consider. That's an old one. They are old ones. That was a 1998. Yes, sir. And you said and, you know, reaffirmed it in the 2008 benefit recovery decision, we will not consider arguments or evidence not presented to the district court. Well, that's right. It's arguments, legal arguments, evidence, factual evidence. And then an opinion you joined in, in 1996, the New York Life Insurance v. Brown opinion, you said for it to be adequately briefed, you must press, not merely intimate, the argument during the proceedings below. We also have case law that I'm sure you're aware of that speaks generally to the fact that we recognize an argument as having been adequately presented even where the party making the argument doesn't cite a specific statute or section. You know what? And I'm aware of that case law. But what we have to do, let's take that into context of the waiver issues. You have to have the legal arguments pressed. And then you have to have the evidence presented. Well, there — where is the evidence? If you look at their summary judgment response on the A, the 4A1, it's at ROA 772 to 773. It is very difficult, if not impossible, to prove the absence of something. The only way you can prove the absence of something is to look at what does exist and to see if it's there. In this case, we must look at ROA 772 to 773 where the 4A1 argument allegedly exists to determine was there any evidence offered, and there wasn't. There was not a single reference to a summary judgment exhibit, to an interrogatory answer, to discovery, to anything to guide the district court on whether or not the Gleasons who had the burden of proof on this exception carried it in an evidentiary manner. And that is the problem. And Judge Mazant pointed that out in his opinion when he said on the motion for reconsider, I quote, it says, the plaintiff's argument under Section 4A1, and their response was, I'm adding 1, not enough for plaintiffs to meet their summary judgment burden or even enough to be considered fully briefed argument that would be proper for the Gleasons from ROA 1508 to 1509. And so what Judge Mazant was saying is the same thing I'm saying here. The summary judgment burden of the Gleasons was to raise a fact issue. Evidence raises fact issues. They failed in that regard. The second burden they had was to fully brief the legal issues. They had two things they needed to do, and they failed in each one of them, as found by the district court. Going on to the issue of the Rule 59e motion. The Rule 59e motion is a motion which would be proper for one of three reasons. The three reasons are to correct manifest errors of law. That's one. To correct a manifest error of fact. That's two. And to correct manifest or for newly discovered evidence. That's three. I think we can eliminate Item 3 because there are no way, shape, or form, any contention anywhere that it was, there was newly discovered evidence. I believe we can eliminate Number 2, a manifest error of fact. Why? Well, there was just absolutely no facts-adduced factual evidence presented by the Gleasons on the 4A1 argument. That left the Gleasons with attempting to argue at the district court level that there was a manifest error of law, and there wasn't. First of all, when we're looking at our 59e hurdle that the Gleasons must overcome to even get to correcting an alleged manifest error of law, we have to check the standard of review, abuse of discretion. And as this panel was discussing with counsel in the prior case, addressing the standard of abuse of discretion, the trial judge has to be given some deference. And in this case, Judge Mazant must be given some deference. Did he abuse his discretion in finding there was no clear error of law? And I'll suggest to you, no, he didn't. Because with this Rule 59e motion for reconsideration, it's not an everyday ordinary remedy. It is an extraordinary remedy. And as in the Hydrochem case said it best, it should be used sparingly. And Judge Mazant exercised his discretion and did not believe this extraordinary remedy should have been used in this case. And why? Well, the policy, the insurance policy itself talked about what is required in this exception. So the Gleasons knew what was required in order to get the coverage back by relying upon the exception. It had to establish 4A1 or 4A2 and that it was a private placement. They knew it going into the summary judgment motion practice. But for reasons unknown, they elected to ride the 4A2 horse during the summary judgment stage, address that, and not address the 4A1 issue. That was out there. That could have been addressed. As this court has held repeatedly, that if it could have been addressed and it wasn't, you're not going to use a 59e motion to rehash something that was known before and just was not addressed under no circumstances should you be doing that. I will briefly go into the counter appeal in the unlikely event that the Gleasons are able to first overcome the 59e motion for consideration, which would require this court to find Judge Mezant abused his discretion, also find that this is an extraordinary issue and that this is one of those cases where something that's sparingly used should be used and that there was a manifest error of law, then go back and say, well, yep, the Gleasons both carried their burden of proof on the evidence, even though there's nothing there, and fully briefed it and pressed the issue in those 13 words. Markell indicated that based upon the origin of the damages in the underlying case and how the Gleasons were sued, there wasn't coverage because they were sued for the plain, simple reason that as the shareholders of this company, they sold the company and made misrepresentations in that asset purchase agreement. The asset purchase agreement indicated that they were selling the company as shareholders. They did not sign that agreement in their capacity as officers or in their capacity of directors. As this court, Justice Smith, you indicated in the VRV development versus midcontinent case back in 2011, that what you have to look at is the origin of the damages. What were the damages in the underlying case? Well, the damages sought in the underlying case was return of consideration paid for the purchase of shares from shareholders. Yes, there was a fleeting reference to Mr. Gleason acting as an officer of the company, you know, cooking, not cooking the books, but having some error in the financial statements. Well, had the sale never occurred, the errors in the financial statements would have been irrelevant. Those errors in the financial statements were manifested as representations in the asset purchase agreement for the sale of the shares as shareholders in this company, and for that reason, the Gleasons were sued as shareholders and not officers and not directors, and under the policy of insurance, if you're not sued due to your acts as officers and directors, there is no coverage. Unless this Court has any other questions on any issues in this appeal, I will give back the last two minutes and 51 seconds. All right. Thank you, Mr. Wojciechowski. Mr. Henry for rebuttal. Thank you, Judge Smith. Briefly, I want to respond to what my friend said about no evidence. First of all, the trial court sustained our objections to all the evidence in the record that they produced other than the purchase agreement under a narrow, very narrow exception this Court has recognized to the Eight Corners Rule. There is no other evidence. It's this you're not allowed to cite evidence outside the policy or the four or the or the petition, the live petition, which the district court had in front of it. No one's hiding it. It was in the record. Everything had been fully briefed about all the allegations. There's a full facts section. There's the so the reference to no evidence to rebut is somewhat of a red herring because there's no this isn't traditional summary judgment where you cite cases where they had an argument but they didn't cite to the summary judgment appendix and have evidence because the only thing the district court was considering in this case were the Eight Corners or the two documents at issue. So also, with respect to definition of private placement, I'm going to come to Judge Higginbotham's defense on this. They do propound a definition and they have it in their brief, but we also have the definitions from the Oxford and Cambridge Dictionary and an alternate definition, not the first definition, from Webster. So I believe that if there's more than one reasonable definition, which I sure hope the Ninth Circuit, Oxford, and Cambridge aren't including unreasonable definitions in their dictionary, then it has to be construed in my client's favor, and so that would end the argument as to whether or not this was, could have been, by the way, potentially, is all that we're required to prove for the duty to defend, potentially a private placement covered. I'll also note that Excel's specialty, a case out of this Court a little more recent than the one cited, though still good law, Judge Smith, the cases of yours that were cited, simply said that an issue has to be raised to such a degree that the trial court may rule on it. And in this case, I think the district court was a bit frustrated but did note that we had mentioned the hallmarks and the elements of 4A1, just not emphasized it enough and did not focus on it enough to warrant inclusion in his opinion. Lastly, I would say that my friend quoted one, 13 words about 4A1. It's actually those six paragraphs, because without those six paragraphs arguing you're not an issuer, we would literally be arguing that we're not covered by 4A2 in those six paragraphs if we're arguing about not being an issuer. Those six paragraphs culminating in the sentence that says, the first exemption, so the words, the first exemption is actually in our response, is as to any transaction by any person other than an issuer, underwriter, or dealer. Because, and Markell has taken the position we're not issuers. That means that we're covered by 4A1. So, so that is how we raised it at the culmination of those six paragraphs, and we believe that is sufficient. In the end, this case has all the hallmarks of a private sale of securities. Should have been dealt with more sufficiently under 4A1, could have been, to the extent it wasn't, using 59e in these limited circumstances to, to write, correct a minor, if in, if an error occurred in the briefing. It's a minor error because the issue was raised, just not adequately briefed. So to close the loop and to adequately brief it from both sides with no prejudice on dispositive summary judgment motions, there was no trial coming up, there was no reason that this was going to delay anything, there was no extra discovery to be had, or any parties that were going to have to come back to court if this motion 59e was granted and something was reopened. This was simply, if something else should have been said, it was said in the 59e and could have been handled, and I believe should have been handled, if not in the first instance under 59e. Otherwise, you end up with, based on an insufficient emphasis or pressing of an issue that was raised, an insurance carrier walking at multimillion-dollar duty to defend under a policy that the Gleasons bought and paid for to cover in these instances. And while I am an appellate lawyer and surely aware of all the times people win and procedural issues, those are our rules, this is not a time when one was that it had to happen. Sophisticated parties, good counsel, a good district court, a fine panel of appellate judges here can either send it to Judge Mazan and say, who wins under 481 if you didn't think you had enough information, or this panel could settle it under 59e. I don't believe, because it was omitted from the initial opinion, we should be saddled with all of the requirements of 59e, or I will counsel people not to file them. Just go to the court of appeals and argue it wasn't sufficiently handled in the district court's opinion, but don't file a 59e because then you're going to get hit with three requirements, abuse of discretion, and you're never going to overcome that hurdle. And I don't think that's the encouragement we want. So I ask the Court to dispose of this on the merits, reverse the trial court's decision, and either remand it for discretion or dispose of that issue on the merits here in this Court. Thank you. Thank you, Mr. Henry. The case, all today's cases are under submission, and the Court is in recess until 9 o'clock tomorrow.